## SUPREME COURT.

HARVEY LOSEE agt. DANIEL A. BULLARD and others.

*Statute of limitation — Corporation — Action against trustees — costs — extra allowance.*

An action against the trustees of a corporation for not filing a report annually is barred at the end of three years from the time the cause of action accrues.

A subsequent neglect to file the report does not revive the cause of action, or give a new one in favor of a party who has already allowed his cause of action to become barred by the lapse of time.

The prevailing party is not entitled to an additional allowance for costs merely because the case is difficult and extraordinary. It should be refused where the case is an unfortunate one for the defeated party.

Costs of term fee allowed for attending at chambers upon notice of adverse party.

A trial fee for arguing a demurrer not allowed where the case is withdrawn from the court by consent before decision.

*Saratoga Special Term, June,* 1876.

THIS action was commenced to recover against the three trustees of the Saratoga Paper Company for neglecting to file the annual report within twenty days after January first, in each year.

In February, 1864, the boiler of the corporation exploded, whereby the plaintiff's property was injured.

The plaintiff thereupon brought a joint action against the corporation and the three trustees for negligence, and recovered against the corporation, but was defeated as to the trustees (*See case,* 51 *N. Y.,* 476).

The judgment against the corporation was recovered April 15, 1867.

The trustees filed the proper report in January, 1865, but have never filed any since.

The corporation has never carried on business or contracted any debts since 1864.

This action against the trustees was commenced June 5, 1875.

E. F. Bullard and Buchanan, two of the trustees, sold out their stock to Daniel A. Bullard May 1, 1870, and never have acted as trustees since that date, and from that time the latter has owned all the stock of the company.

The defendants appeared by separate attorneys, and set up the above facts, and, also, that the action was barred by the three year's statute.

The plaintiff demurred to the answers, and the issue of law was noticed by the plaintiff to be argued before justice Bockes at the Saratoga special term, to be held at the chambers of justice Bockes August 17, 1875, but the case went over.

The issue of law was argued before justices Bockes, October 25, 1875.

After holding the same under consideration, justice Bockes declined to decide the case. Thereupon the parties withdrew the papers from the court, and the plaintiff amended the complaint, and the defendants served amended answers.

The action was then brought to trial before justice Landon at the Saratoga special term, June 19, 1876, and judgment was directed against the plaintiff for costs, and the following opinion given :

Landon, J. — I think the plaintiff cannot recover :

First. Because the action must be founded upon the original claim for damages (*Miller* agt. *White*, 50 *N. Y.*, 137 ; *Witherhead* agt. *Allen*, 3 *Keyes*, 562 ; *McHarg* agt. *Eastman*, 7 *Robt.*, 137), and that original claim not arising upon contract is not a debt " contracted " as the statute requires (*Laws of* 1848, *ch.* 40, *sec.* 12 ; *see Zinn* agt. *Ritterman*, 2 *Abb.* [*N. S.*], 261 ; *Grocers' N. Bank* agt. *Clark*, 31 *How.*, 115).

Second. If because the defendants assumed the defense of the action against the company, and thus had their day in court upon the original claim to the same extent as if parties, the judgment, notwithstanding *Miller* agt. *White,* is as much proved to exist against them as it is against the company, and is a contract debt (*Taylor* agt. *Root,* 4 *Keyes,* 335), then the cause of action accrued against them on the 15th of April, 1867, the day the judgment was entered against the company, and as the statute of limitations would run in three years (*Merchants' Bank* agt. *Bliss,* 35 *N. Y.,* 412), the action became barred on the 15th day of April, 1870.

The plaintiff contends that each successive annual default of the company to file its report renewed the penalty, or rather reimposed it, and as no report has been filed since the judgment, the statute has not operated as a bar.

If the repeated violation of legal duty by the company were visited by the terms of the statute with a repeated penalty, as is sometimes imposed, for " each and every offense," then, in civil actions, the cumulative penalties could be recovered (*Fisher* agt. *N. Y. C. and H. R. R. R. Co.,* 46 *N. Y.,* 644), but not otherwise. It is manifestly the intent of the statute to declare in favor of any existing creditor one penalty equal to the amount of the debt of the company to him, the right of action accruing when the debt and the default concur in point of time, and that successive defaults to file a report operate for the benefit of such subsequent creditors, if any, as may have their debts fall due during the continuance of any default.

*E. F. Bullard,* for defendants, then moved before justice LANDON for an additional allowance of costs, on the ground that the case was difficult and extraordinary.

*A. Pond,* for plaintiff, opposed the motion because his client had sustained a large loss of property, and the corporation was insolvent, and, therefore, his judgment could not be collected.

*Losee agt. Bullard.*

LANDON, J., *held*, that the defendants were not entitled to an additional allowance for costs merely because the case is difficult, &c. It should be refused where the case is an unfortunate one for the defeated party. The court should always look into the merits of the case in determining whether an additional allowance should be granted, even in difficult and extraordinary cases.

The additional allowance was denied.

On the taxation of costs, the clerk allowed the defendants twenty dollars for argument of issue of law before justice BOCKES, and struck out the ten dollars for attending at chambers, August seventeenth, to argue the case. Both parties appealed from the taxation, and the same was argued before justice LANDON, March 31, 1877.

*A. Pond*, for plaintiff, claimed that withdrawing the demurrer by consent was a waiver of costs already accrued, and that a term fee at chambers could not be allowed, because it was not usual for the clerk to make a calendar for such terms.

*E. F. Bullard*, for defendants, claimed that the service having been performed by counsel in arguing the demurrer, the prevailing party was entitled to recover for that service as much as in a case where a case is tried before a jury, and they fail to agree (*Steiner* agt. *Ainsworth*, 53 *How.*, 31). In the latter case the service was never performed, but in the case at bar it had been. The neglect of the clerk to make a calendar should not deprive the party from the term fee, especially when he was compelled to attend the term upon the notice of the opposite party.

THE COURT disallowed the twenty dollars for arguing the demurrer, on the ground that the party waived costs by consenting to withdraw the case from the court after argument. The ten dollars for attending at chambers was allowed, on the ground that the party was compelled to attend upon the notice of the adverse party.